STATE OF NEW JERSEY, PLAINTIFF, v. ALAN EINSTEIN, DEFENDANT.

Superior Court of New Jersey
Resentencing Panel
Essex County

Submitted December 3, 1979.

Before Judges COLEMAN, MARZULLI and YANOFF.

*Carol Greco*, Assistant Prosecutor for the State.

*Roger Lowenstein* for defendant.

MARZULLI, J. S. C.

Defendant Alan Einstein, has filed this motion asking to be resentenced under *N.J.S.A.* 2C:1–1(d)(2) of the New Jersey Code of Criminal Justice.

He is presently serving a sentence of 18 months in the Essex County Penitentiary for having caused a death by operating a motor vehicle, in violation of *N.J.S.A.* 2A:113–9.

*N.J.S.A.* 30:4–123.35 grants to a county penitentiary inmate the right to apply for parole after serving one year of his sentence.

Defendant contends if he had been sentenced to State Prison, he would be eligible for parole upon the expiration of a minimum sentence or one-third of the maximum sentence, whichever arrived first, in this case not more than six months. Thus, before becoming eligible for parole he will have to serve at least twice the sentence he might serve had he been sentenced to State Prison.

Defendant acknowledges that under *N.J.S.A.* 2C:11–5 the maximum sentence for death by auto is 18 months, but he contends that unless this court changes the place of sentence, the anomalous result will be that the release on parole of a State Prison inmate convicted of the same crime may be earlier than discharge or parole release of the defendant from the Essex County Penitentiary.

*N.J.S.A.* 2C:1–1(d)(2) reads as follows:

Any person who is under sentence of imprisonment on the effective date of the code for an offense committed prior to the effective date which has been eliminated by the code or who has been sentenced to a maximum term of imprisonment for an offense committed prior to the effective date which exceeds the maximum established by the code for such an offense and who, on said effective date, has not had his sentence suspended or been paroled or discharged, may move to have his sentence reviewed by the sentencing court and the court may impose a new sentence, for good cause shown as though the person had been convicted under the code, except that no period of detention or supervision shall be increased as a result of such resentencing.

A reading of the Code clearly indicates that this court lacks jurisdiction to resentence defendant. His sentence was 18 months to the Essex County Correction Center. The maximum penalty provided under the Code for the offense which defendant committed, death by automobile, is 18 months. The Code does not authorize this court to consider the date of parole eligibility in determining the maximum sentence in this type of case.

Defendant's application to be resentenced is therefore denied.

His application for reconsideration of his sentence under R. 3:21–10(a) is transferred to the original sentencing judge for disposition.